IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**IN-JOO CHO**,

        Plaintiff,

v.

**MACY'S INC.**, and **MACY'S WEST STORES, INC.**, each d/b/a "Macy's,"

        Defendants.

Civil Case No. 3:11-61-KI

OPINION AND ORDER

    Richard Vangelisti
    Scott Kocher
    Vangelisti Kocher LLP
    811 SW Naito Parkway, Suite 420
    Portland, OR 97204

        Attorneys for Plaintiff

Page 1 - JUDGMENT

Robert Scholz
Leslie Kocher-Moar
MacMillan, Scholz & Marks, P.C.
900 SW Fifth Avenue, Suite 1800
Portland, OR 97204

        Attorneys for Defendants

KING, Judge:

Plaintiff In-Joo Cho alleges a negligence claim against Macy's Inc. and Macy's West Stores, Inc. arising from injuries she sustained when she walked into a plate-glass door in a Macy's dressing room area. Plaintiff initiated the action in Multnomah County Circuit Court, but, on January 18, 2011, defendants removed the case on the basis of diversity under 28 U.S.C. § 1332. Pending before the Court is plaintiff's Motion for Voluntarily [sic] Dismissal Without Prejudice [12], to which defendants object. She seeks expedited review on her motion.

## FACTS

Plaintiff is a citizen of the State of Oregon, Macy's Inc. is a Delaware corporation with a principal place of business in Ohio, and Macy's West Stores, Inc. is an Ohio corporation with a principal place of business in Ohio. Plaintiff seeks damages not to exceed $350,000.

When defendants made their initial disclosures, plaintiff learned the identities of the general contractor and sub-contractor who installed the plate-glass door. The contractors are citizens of Oregon.

On March 19, 2011, plaintiff filed a second action in Multnomah County Circuit Court again alleging claims of negligence against the same defendants named in this case, as well as a third Macy's corporation (Macy's Retail Holdings, Inc.) and the two Oregon contractors.

///

Page 2 - OPINION AND ORDER

## LEGAL STANDARDS

"A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001). "[P]lain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." Id. at 976.  Further, "the need to defend against state law claims in state court is not 'plain legal prejudice' arising from voluntary dismissal of the federal claims in the district court." Id.

## DISCUSSION

Plaintiff explains that she seeks to litigate all her claims in a single forum and that she cannot proceed here because the two contractor defendants destroy complete diversity. Defendants want to force plaintiff to litigate the same case in two separate courts, to her great detriment and expense.  The only reason defendants give for objecting to plaintiff's voluntary dismissal is that the issues have been litigated in the federal forum since January and that plaintiff is "circumvent[ing] a valid removal by filing a new lawsuit in state court and adding additional defendants." Defs.' Res. 2.

Plaintiff is not engaging in forum shopping or attempting to gain some sort of tactical advantage over defendants.  Plaintiff simply seeks to sue all the defendants potentially responsible for her injury in the same action and in the same forum, and requiring this federal litigation to proceed would likely result in duplicative litigation.  Defendants do not assert plaintiff has fraudulently joined the two Oregon contractors.  Had plaintiff sought to amend her complaint to add the two non-diverse defendants, I would have remanded the case to state court

Page 3 - OPINION AND ORDER

under 28 U.S.C. § 1447(e).[1]  The interests of justice and judicial economy favor dismissing this case.

## CONCLUSION

Based on the above, I grant plaintiff's Motion for Voluntarily [sic] Dismissal Without Prejudice [12] and dismiss this case without prejudice and without costs or fees to either party.

Dated this        20th          day of April, 2011.

       /s/ Garr M. King
      Garr M. King
      United States District Judge

---

[1] The statute provides, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

Page 4 - OPINION AND ORDER